**UNITED STATES COURT OF APPEALS**
**Filed 11/4/96**
**TENTH CIRCUIT**

_____

| | |
|---|---|
| DAVID WORKMAN, | |
| Plaintiff-Appellant, | |
| v. | No. 96-1060 |
| | (D.C. No. 95-D-916) |
| COLORADO DEPARTMENT OF CORRECTIONS; UNKNOWN EMPLOYEES OF STATE OF COLORADO DEPARTMENT OF CORRECTIONS; ROY ROMER, Governor, in his individual capacity; COLORADO STATE PAROLE BOARD; DONICE NEAL, in her official and individual capacity; OFFICER SLYCKER, in his official and individual capacity, | (D. Colo.) |
| Defendants-Appellees. | |
| | |
| DAVID WORKMAN, | |
| Plaintiff-Appellant, | |
| v. | No. 96-1146 |
| | (D.C. No. 95-S-2984) |
| ROY ROMER; ARISTEDES ZAVARAS; and UNKNOWN EMPLOYEES OF THE STATE OF COLORADO DEPARTMENT OF CORRECTIONS, individually and officially, jointly and severally, | (D. Colo.) |
| Defendants-Appellees. | |

DAVID WORKMAN, In Propia Personam,

    Plaintiff-Appellant,

v.

UNKNOWN SECURITY POLICE AT UNIVERSITY
OF COLORADO MEDICAL CENTER; UNKNOWN
POLICE OFFICERS AT DENVER CITY POLICE DE-
PARTMENT; UNKNOWN SHERIFFS AT DENVER
COUNTY SHERIFF'S DEPARTMENT; UNKNOWN
OFFICERS AT DENVER RECEPTION AND DIAG-
NOSTIC CENTER, individually, and in their official
capacities,

    Defendants-Appellees.

No. 96-1145
(D.C. No. 95-D-305)
(D. Colo.)


DAVID WORKMAN, In Propia Personam,

    Plaintiff-Appellant,

v.

ROY ROMER, Executive Director DOC, Governor;
ARISTEDES ZAVARAS; WARDEN MILLER;
DONICE NEAL; IRVING JACQUEZ, Major; MAJOR
HADLEY; WARDEN HESSE; DENNIS PEARSON,
CCF Programs Supervisor; JOHN CARROLL, CCF Lt.;
TOM MIESEL, Lt.; RICHARD MESSER; WILLIAM
COYLE, CCF Librarian; CAPTAIN GREGG;
CAPTAIN WILLIAMS; LT. BRADFORD; SUSAN
JONES, CCF Hearing Officer; GALE A. NORTON,
Colorado Attorney General; STEPHEN K.
ERKENBACK, Chief Deputy Attorney General;

No. 96-1007
(D.C. No. 95-S-1288)
(D. Colo.)

-2-

JOSEPH HAUGHAIN, Grievance Officer; NOLAN
RENFROW, CSP Assistant Warden; GARY
WATKINS, Security Warden CSP; SHEILAH
RAWLINS; CSP CHAPLAIN RAWLINS, and any and
all others to be included and/or excluded as applicable
upon Discovery; individually and in their official
capacities,

Defendants-Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Workman, who describes himself as a Reverend, is an inmate and a pro se litigant. He has filed four separate appeals from three separate civil suits

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

which we combine for administrative convenience. We grant Mr. Workman's motions to proceed *in forma pauperis.*

## No. 96-1060

Mr. Workman sued under 42 U.S.C. § 1983 alleging the violation of various federal rights. Mr. Workman filed this action on February 8, 1995. In his complaint, he alleged that in August and September of 1992, while in custody, he was denied his religious freedom insofar as he was ordered to cut his hair, deprived of his religious jewelry, wrongfully disciplined, denied legal access, and harassed.

The trial court applied Colorado's two-year statute of limitations and dismissed the suit.

In his appeal to this court, Mr. Workman displays his unhappiness with prison life by making numerous conclusory complaints, none of which are applicable to the case at issue. Mr. Workman fails to say anything concerning the actions of the trial court except "[h]is rights were violated herein, constituting non-frivolousness at instant." Mr. Workman cites no authority to us showing the law applied by the trial court was erroneous. Since Mr. Workman has failed to

establish the trial court erred in dismissing his claims, we affirm the judgment of the trial court.[1]

## No. 96-1146

This case is another civil rights suit filed by Mr. Workman alleging defendants have violated a number of his rights under the United States Constitution.

Mr. Workman asserted thirteen claims, including "discrimination, retaliation, violation of his due process, equal protection, cruel & unusual punishment, violation of privacy, malicious prosecution, conspiracy, freedom of speech & expression & religion, colusion [sic], deprivation of property, and censorship."

The trial court ordered Mr. Workman to file a more definite statement stating simply and concisely the specific claims for relief, against whom those claims are asserted, the facts forming the basis of the allegations, and the relief

---

[1] Further, as the trial court found, Mr. Workman failed to comply with Colorado's two-year statute of limitation. Colo. Rev. Stat. § 13-80-102. Mr. Workman complained of conduct occurring in August and September 1992, but his complaint was not filed until February 8, 1995.

sought. The trial court subsequently entered a second order for a more definite statement, and Mr. Workman indicated he was unable to respond because he did not have access to his legal materials. Thereafter, the trial court warned Mr. Workman his complaint would be dismissed without further notice if he failed to comply with the court orders. Mr. Workman responded by asking the court to disqualify itself and alleged, "some unascertainable prejudice, bias, and/or personal interest, against him."

In its Order of Dismissal, the trial court properly analyzed the motion to recuse and concluded Mr. Workman's affidavit was legally insufficient. The trial court concluded Mr. Workman failed to link the defendants' actions to the asserted claims. The trial court also found the claims that were linked to specific defendants (Colorado Governor Roy Romer and Department of Corrections Executive Director Aristedes Zavaras) were vague and conclusory and not sufficient to state even "an arguable claim of a constitutional violation."

Mr. Workman appeals this order, not by showing how the trial court's order was erroneous, but rather by setting forth conclusory grievances against unnamed prison authorities. The following quotes from Mr. Workman's brief to this court are illustrative:

-6-

I was also punished, via incident report, for a Code of Penal Discipline Violation which did not exist, and another one that the facts of which did not support the conviction of, by biased correctional officers, acting maliciously, so as to make me meet the criteria that would allow them to transfer me to a higher security facility.

....

I may not have the skills of an attorney ... but I have read thousands of case law and I do know when my Rights Under Constitution and Federal Law have been violated.

Mr. Workman fails to persuade this Court of any error by the trial court. The judgment of the district court is **AFFIRMED** for substantially the same reasons set forth by the district court.

### No. 96-1145

Mr. Workman filed this civil rights action claiming various unknown officials violated a number of his Constitutional and statutory rights in arresting him and confiscating his property. Mr. Workman claimed this wrongful arrest occurred on January 6, 1992, and again on August 12, 1992. Mr. Workman signed and dated his complaint December 29, 1994 and filed it February 7, 1995.

The district court applied Colorado's two-year statute of limitations for claims brought under 42 U.S.C. § 1983 and dismissed the action. Mr. Workman appeals the district court's dismissal, arguing the two-year statute "should be

-7-

tolled because of its being inadequate."

We find Mr. Workman's argument on appeal lacks merit. The judgment of the district court is **AFFIRMED** for substantially the same reasons set forth by the district court.

### No. 96-1007

In this case, Mr. Workman is apparently filing an appeal of the two orders requiring a more definite statement as described in case No. 96-1146 above.

Mr. Workman filed an appeal that borders upon being incomprehensible. He alleges, in part:

> There really were no proceedings in the instant action ... and my action, which is definitely colorable, was dismissed as if Judge Sparr believed I would take no further action upon it and simply drop it all, if he refused to act properly upon it. He did so ... hoping I would give up, if he made it difficult enough for me....
>
> ... This action was stopped, most likely due to the influence of the defendants herein, before it ever even began....
>
> ....
>
> The Dist. Ct. failed to apply any fair law at all....

Mr. Workman then filed a five-page affidavit with this court informing the judges he will make them liable if they fail to remedy the situation. Mr.

Workman also set forth a litany of complaints against prison officials.

Assuming we have jurisdiction of this appeal, Mr. Workman has failed to persuade this court of any error by the trial court in issuing the described orders. The judgment of the trial court is in all respects **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge